**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RENA SAMPAYAN, | Case No. 1:24-cv-00881-ER |
| Plaintiff, | Judge: Hon. Edgardo Ramos |
| v. | |
| CONTINENTAL AKTIENGESELLSCHAFT; CONTINENTAL TIRE THE AMERICAS, LLC; COMPAGNIE GÉNÉRALE DES ÉTABLISSEMENTS; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES PLC; NOKIAN TYRES INC; NOKIAN TYRES U.S. OPERATIONS LLC; THE GOODYEAR TIRE & RUBBER COMPANY; PIRELLI & C. S.P.A.; PIRELLI TIRE LLC; BRIDGESTONE CORPORATION; BRIDGESTONE AMERICAS, INC.; AND DOES 1-100, | |
| Defendants. | |
| CATIP ISLAMI, | Case No. 1:24-cv-00967 |
| Plaintiff, | |
| v. | |
| CONTINENTAL AKTIENGESELLSCHAFT; CONTINENTAL TIRE THE AMERICAS, LLC; COMPAGNIE GÉNÉRALE DES ÉTABLISSEMENTS MICHELIN SCA; COMPAGNIE FINANCIÈRE MICHELIN SA; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES PLC; NOKIAN TYRES INC.; NOKIAN TYRES U.S. OPERATIONS LLC; THE GOODYEAR TIRE & RUBBER COMPANY; PIRELLI & C. S.P.A.; PIRELLI TIRE LLC; BRIDGESTONE CORPORATION; BRIDGESTONE AMERICAS, INC.; AND DOES 1-100, | |
| Defendants. | |

| | |
|---|---|
| JAMES ALFORD, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BRIDGESTONE CORPORATION; BRIDGESTONE AMERICAS, INC.; CONTINENTAL AKTIENGESELLSCHAFT; CONTINENTAL TIRE THE AMERICAS, LLC; COMPAGNIE GÉNÉRALE DES ÉTABLISSEMENTS MICHELIN SCA; COMPAGNIE FINANCIÈRE MICHELIN SA; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES PLC; NOKIAN TYRES INC; NOKIAN TYRES U.S. OPERATIONS LLC; THE GOODYEAR TIRE & RUBBER COMPANY; PIRELLI & C. S.P.A.; PIRELLI TIRE LLC; AND DOES 1-100,<br><br>    Defendants. | Case No. 1:24-cv-01038 |
| MICHELE EDWARDS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONTINENTAL AKTIENGESELLSCHAFT; CONTINENTAL TIRE THE AMERICAS, LLC; COMPAGNIE GÉNÉRALE DES ÉTABLISSEMENTS; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES PLC; NOKIAN TYRES INC; NOKIAN TYRES U.S. OPERATIONS LLC; THE GOODYEAR TIRE & RUBBER COMPANY; PIRELLI & C. S.P.A.; PIRELLI TIRE LLC; BRIDGESTONE CORPORATION; BRIDGESTONE AMERICAS, INC.; AND DOES 1-100,<br><br>    Defendants. | Case No. 1:24-cv-01092 |

| | |
|---|---|
| MARCO A. TORRES, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:24-cv-01124 |
| Plaintiff, | |
| v. | |
| CONTINENTAL AKTIENGESELLSCHAFT; CONTINENTAL TIRE THE AMERICAS, LLC; COMPAGNIE GÉNÉRALE DES ÉTABLISSEMENTS; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES PLC; NOKIAN TYRES INC; NOKIAN TYRES U.S. OPERATIONS LLC; THE GOODYEAR TIRE & RUBBER COMPANY; PIRELLI & C. S.P.A.; PIRELLI TIRE LLC; BRIDGESTONE CORPORATION; BRIDGESTONE AMERICAS, INC.; DOES 1-100, | |
| Defendants. | |
| SUSAN DAVIDOV and ROBERT FURST, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:24-cv-01367 |
| Plaintiffs, | |
| v. | |
| CONTINENTAL AKTIENGESELLSCHAFT; CONTINENTAL TIRE THE AMERICAS, LLC; COMPAGNIE GÉNÉRALE DES ÉTABLISSEMENTS; MICHELIN NORTH AMERICA, INC.; NOKIAN TYRES PLC; NOKIAN TYRES INC; NOKIAN TYRES U.S. OPERATIONS LLC; THE GOODYEAR TIRE & RUBBER COMPANY; PIRELLI & C. S.P.A.; PIRELLI TIRE LLC; BRIDGESTONE CORPORATION; BRIDGESTONE AMERICAS, INC.; AND DOES 1-100, | |
| Defendants. | |

| | |
|---|---|
| MICHAEL CURRAN and TIMOTHY BORLAND, individually and behalf of all others similarly situated, | Case No. 1:24-cv-01419 |
| Plaintiffs, | |
| v. | |
| THE GOODYEAR TIRE & RUBBER COMPANY; COMPAGNIE GÉNÉRALE DES ÉTABLISSEMENTS MICHELIN SCA; MICHELIN NORTH AMERICA INC.; BRIDGESTONE CORPORATION; BRIDGESTONE AMERICAS, INC.; CONTINENTAL AKTIENGESELLSCHAFT; CONTINENTAL TIRE THE AMERICAS, LLC; NOKIAN TYRES PLC; NOKIAN TYRES NORTH AMERICA, INC.; NOKIAN TYRES INC.; NOKIAN TYRES U.S. OPERATION LLC; PIRELLI & C. S.P.A; PIRELLI TIRE LLC; HANKOOK TIRE & TECHNOLOGY CO., LTD.; HANKOOK TIRE AMERICA CORP.; YOKOHAMA RUBBER CO., LTD.; YOKOHAMA TIRE CORPORATION; TOYO TIRE CORPORATION; TOYO TIRE U.S.A. CORP.; KUMHO TIRE CO.; KUMHO TIRE U.S.A.; SUMITOMO RUBBER INDUSTRIES, LTD.; SUMITOMO RUBBER NORTH AMERICA, INC.; GITI TIRE GLOBAL TRADING PTE. LTD.; AND GITI TIRE (USA) LTD., | |
| Defendants. | |
| DANIEL PURCELL, LUKE CUDDY, and ELIZABETH TWITCHELL, Individually and On Behalf of All Others Individually Situated, | Case No. 1:24-00938 |
| Plaintiffs, | |
| v. | |
| CONTINENTAL AKTIENGESELLSCHAFT; CONTINENTAL TIRE THE AMERICAS, LLC; COMPAGNIE GÉNÉRALE DES | |

ÉTABLISSEMENTS; MICHELIN NORTH
AMERICA, INC.; NOKIAN TYRES PLC;
NOKIAN TYRES INC; NOKIAN TYRES U.S.
OPERATIONS LLC; THE GOODYEAR TIRE
& RUBBER COMPANY; PIRELLI & C.
S.P.A.; PIRELLI TIRE LLC; BRIDGESTONE
CORPORATION; BRIDGESTONE
AMERICAS, INC.; AND DOES 1-100,

       Defendants.

---

WILKERSON FARMS ET, LLC, on behalf of
itself and all others similarly situated,

       Plaintiff,

v.

CONTINENTAL AKTIENGESELLSCHAFT;
CONTINENTAL TIRE THE AMERICAS,
LLC; COMPAGNIE GÉNÉRALE DES
ÉTABLISSEMENTS; MICHELIN NORTH
AMERICA, INC.; NOKIAN TYRES PLC;
NOKIAN TYRES INC; NOKIAN TYRES U.S.
OPERATIONS LLC; THE GOODYEAR TIRE
& RUBBER COMPANY; PIRELLI & C.
S.P.A.; PIRELLI TIRE LLC; BRIDGESTONE
CORPORATION; BRIDGESTONE
AMERICAS, INC.; AND DOES 1-100,

       Defendants.

Case No. 1:24-00970

---

FRANK NOVAK, Individually and On Behalf
of All Others Similarly Situated,

       Plaintiff,

v.

CONTINENTAL AKTIENGESELLSCHAFT;
CONTINENTAL TIRE THE AMERICAS,
LLC; COMPAGNIE GÉNÉRALE DES
ÉTABLISSEMENTS; MICHELIN NORTH
AMERICA, INC.; NOKIAN TYRES PLC;
NOKIAN TYRES INC.; NOKIAN TYRES

Case No. 1:24-cv-01202

U.S. OPERATIONS LLC; THE GOODYEAR
TIRE & RUBBER COMPANY; PIRELLI & C.
S.P.A.; PIRELLI TIRE LLC; BRIDGESTONE
CORPORATION; BRIDGESTONE
AMERICAS, INC.; AND DOES 1-100,

     Defendants.

---

MICHAEL SPADAFINO, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

CONTINENTAL AKTIENGESELLSCHAFT;
CONTINENTAL TIRE THE AMERICAS,
LLC; COMPAGNIE GÉNÉRALE DES
ÉTABLISSEMENTS; MICHELIN NORTH
AMERICA, INC.; NOKIAN TYRES PLC;
NOKIAN TYRES INC; NOKIAN TYRES U.S.
OPERATIONS LLC; THE GOODYEAR TIRE
& RUBBER COMPANY; PIRELLI & C.
S.P.A.; PIRELLI TIRE LLC; BRIDGESTONE
CORPORATION; BRIDGESTONE
AMERICAS, INC.; AND DOES 1-100,

     Defendants.

Case No. 1:24-cv-01452

---

LAURA AMMONS, BRANDON DERRICK,
LETIA DICKERSON, JEFFREY HOLT,
JERRY MERKEL, and LYNN SEDA,
Individually and On Behalf of All Others
Similarly Situated,

     Plaintiffs,

v.

CONTINENTAL AKTIENGESELLSCHAFT;
CONTINENTAL TIRE THE AMERICAS,
LLC; COMPAGNIE GÉNÉRALE DES
ÉTABLISSEMENTS; MICHELIN NORTH
AMERICA, INC.; NOKIAN TYRES PLC;
NOKIAN TYRES INC; NOKIAN TYRES U.S.

Case No. 1:24-cv-01513

---

OPERATIONS LLC; THE GOODYEAR TIRE
& RUBBER COMPANY; PIRELLI & C.
S.P.A.; PIRELLI TIRE LLC; BRIDGESTONE
CORPORATION; BRIDGESTONE
AMERICAS, INC.; AND DOES 1-100,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DIRECT PURCHASER AND INDIRECT PURCHASER PLAINTIFFS'
<u>MOTION FOR CONSOLIDATION AND COORDINATION</u>**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

PROCEDURAL AND FACTUAL BACKGROUND .................................................................. 2

ARGUMENT ....................................................................................................................... 3

I.      THE RELATED DIRECT PURCHASER ACTIONS SHOULD BE CONSOLIDATED. 3

II.     THE RELATED INDIRECT PURCHASER ACTIONS SHOULD ALSO BE
        CONSOLIDATED ......................................................................................................... 6

III.    THE RELATED DIRECT AND INDIRECT PURCHASER ACTIONS SHOULD BE
        COORDINATED AND THE COURT SHOULD ESTABLISH A MASTER DOCKET .. 7

CONCLUSION .................................................................................................................... 9

## INTRODUCTION

Plaintiffs Sampayan, Islami, Alford, Edwards, Torres, Davidov, Furst, Curran, and Borland (collectively, "the Direct Purchaser Plaintiffs")[1] and Plaintiffs Purcell, Cuddy, Twitchell, Wilkerson Farms ET, LLC, Novak, Spadafino, Ammons, Derrick, Dickerson, Holt, Merkel, and Seda[2] (collectively, "the Indirect Purchaser Plaintiffs"), respectfully submit this Motion requesting that the Court (i) consolidate pending direct purchaser actions under Federal Rule of Civil Procedure 42(a), (ii) separately consolidate pending indirect purchaser actions under Rule 42(a), (iii) order that the consolidated direct purchaser actions and consolidated indirect purchaser actions be coordinated, and (iv) establish a master docket to manage all consolidated or coordinated actions, as well as any later-filed actions.

Presently before this Court are seven separately filed but related direct purchaser class actions, as well as five separately filed but related indirect purchaser class actions against some of the largest tire manufacturers in the United States and around the world. Each alleges that the Defendants engaged in a conspiracy to fix the price of new replacement tires sold in the United States. Consolidation of these antitrust class actions under Rule 42(a) will promote judicial

---

[1] Plaintiffs in *Sampayan v. Continental Aktiengesellschaft, et al.*, No. 1:24-cv-00881; *Islami v. Continental Aktiengesellschaft et al.*, No. 1:24-cv-00967 (Feb. 8, 2024); *Alford v. Bridgestone Corporation et al.*, No. 1:24-cv-01038 (Feb. 12, 2024); *Edwards v. Continental Aktiengesellschaft et al.*, No. 1:24-cv-01092 (Feb. 14, 2024); *Torres v. Continental Aktiengesellschaft et al.*, No. 1:24-cv-01124 (Feb. 15, 2024); *Davidov et al., v. Continental Aktiengesellschaft et al.*, No. 1:24-cv-01367 (Feb. 22, 2024); and *Curran et al., v. Continental Aktiengesellschaft et al.*, No. 1:24-cv-01419 (Feb. 23, 2024) (collectively, the "Related Direct Purchaser Actions").

[2] Plaintiffs in *Purcell, et al. v. Continental Aktiengesellschaft, et al.*, No. 1:24-00938 (Feb. 8, 2024); *Wilkerson Farms ET, LLC v. Continental Aktiengesellschaft, et al.*, No. 1:24-00970 (Feb. 9, 2024); *Novak v. Continental Aktiengesellschaft, et al.*, No. 1:24-cv-01202 (Feb. 16, 2024); *Spadafino v. Continental Aktiengesellschaft, et al.*, Case No. 1:24-cv-01452 (Feb. 26, 2024); and *Ammons, et al v. Continental Aktiengesellschaft, et al.*, No. 1:24-cv-01513 (Feb. 28, 2024) (collectively, "the Related Indirect Purchaser Actions").

economy and avoid unnecessary duplication in early case management matters, saving Court and party time and resources.  No Plaintiff has objected to consolidation of these actions and the Defendants who have appeared so far take no position on this motion.

Plaintiffs also request that the Court order that the direct and indirect purchaser actions be coordinated under a single master docket.  Similar procedures have been followed in other multi-plaintiff antitrust proceedings and will help facilitate this Court's management of these matters, including as to typical administrative and procedural matters that may arise while the Judicial Panel on Multidistrict Litigation ("JPML") decides whether to centralize the related actions in this District pursuant to 28 U.S.C. § 1407.

For these reasons, the Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs respectfully request that the Court grant their Motion and enter the attached Proposed Order re Consolidation and Coordination.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Sampayan filed the first complaint in this District on February 7, 2024, and the other Direct Purchaser Plaintiffs filed related antitrust complaints that have been assigned to this Court.  Each brings claims on behalf of a proposed class of direct purchasers of new replacement tires for cars and other vehicles and alleges that several tire manufacturers named as Defendants conspired to fix the prices of tires sold in the United States.  Each Direct Purchaser Plaintiff alleges violations of federal antitrust law.  *See* Sampayan Compl. ¶¶ 106-111; Islami Compl. ¶¶ 128-34; Alford Compl. ¶¶ 134-41; Edwards Compl. ¶¶ 118-22; Torres Compl. ¶¶ 128-36; Davidov Compl. ¶¶ 112-17; Curran Compl. ¶¶ 199-208.

The Indirect Purchaser Plaintiffs have also filed related antitrust complaints that have been assigned to this Court and bring similar claims on behalf of indirect purchasers of new replacement

tires.  *See* Spadafino Compl. ¶¶ 104-17; Purcell Compl. ¶¶ 109-139; Wilkerson Farms Compl., ¶¶ 91-148; Novak Compl. ¶¶ 107-20; Ammons Compl ¶¶ 112-37.  In each of the actions filed to date in this District, the plaintiff has filed a Related Case Statement Form (IH-32), referencing Plaintiff Sampayan's first-filed action.

In addition to the related cases in this district, two related cases were filed in the District of South Carolina on behalf of indirect purchasers[3], five related cases have been filed in the Northern District of Ohio—four on behalf of direct purchasers and one on behalf of indirect purchasers[4]—and one related case has been filed in the Eastern District of Michigan on behalf of direct purchasers.[5]  On February 28, Plaintiff Sampayan filed a motion pursuant 28 U.S.C. § 1407 with the JPML to transfer the related actions to this District.  That motion has not yet been set for a hearing before the Panel.

Plaintiffs' counsel have conferred among themselves and no party opposes the relief sought.  They have also conferred with counsel for the Defendants who have appeared to date, who take no position with respect to the relief sought in this motion.  *See* Sharp Decl. ¶¶ 1-2.

## ARGUMENT

## I.    THE RELATED DIRECT PURCHASER ACTIONS SHOULD BE CONSOLIDATED.

"Federal Rule of Civil Procedure 42 empowers district courts to 'consolidate . . . actions' that 'involve a common question of law or fact. . . .'"  *Stewart v. Prac. Res., LLC*, No. 5:22-CV-

---

[3] *Link v. Continental Aktiengesellschaft, et al.*, No. 6:24-cv-00913 (D.S.C.); *Valenzano v. Continental Aktiengesellschaft, et al.*, No. 6:24-cv-00948 (D.S.C.).

[4] *Bengel v. Continental Aktiengesellschaft, et al.*, No. 5:24-cv-00363 (N.D. Ohio); *Stephan v. Continental Aktiengesellschaft, et al.*; No. 5:24-cv-00408 (N.D. Ohio); *Gianne, et al. v. Continental Aktiengesellschaft, et al.*, No. 5:24-cv-00431 (N.D. Ohio); *Shumate v. The Goodyear Tire & Rubber Company, Inc. et al.*, 5:24-cv-00449 (N.D. Ohio); *Carson, et al. v. Continental Aktiengesellschaft, et al.*, No. 5:24-cv-00475 (N.D. Ohio).

[5] *Williams v. Continental Aktiengesellschaft, et al.*, No. 2:24-cv-10632 (E.D. Mich.).

3

0905 LEK DJS, 2022 WL 17155996, at *2 (N.D.N.Y. Nov. 22, 2022) (quoting Fed. R. Civ. P. 42(a)(2); *see also* Manual for Complex Litigation (Fourth) § 11.631 (May 2023) ("consolidation may be for trial of the entire case or only for separable common issues.").  "Consolidation is an important tool of judicial administration, often employed to expedite trial and eliminate unnecessary repetition and confusion."  *Fan v. PHL Variable Life Ins. Co.*, No. 18 CIV. 1288 (PAC), 2019 WL 10948633, at *2 (S.D.N.Y. May 29, 2019) (quotation marks and citation omitted).  "The trial court has broad discretion to determine whether consolidation is appropriate" and many courts in this Circuit "have taken the view that considerations of judicial economy favor consolidation."  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990); *see also Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009).

Consolidation is appropriate here because the Related Direct Purchaser Actions involve common Defendants and the same or overlapping alleged conduct.  *See Patel v. St. John's Univ.*, No. 20-CV-2114 LDH SMG, 2020 WL 13157553, at *1 (E.D.N.Y. Dec. 27, 2020) (consolidation warranted when the discovery in the cases "is likely to be identical" and motion practice and trial "would most likely cover the same facts and some identical issues of law.").[6]  Each of the actions alleges that Defendants Continental, Michelin, Goodyear, Bridgestone, Pirelli, and Nokian Tyres, and their related corporate entities, conspired to fix the prices of new replacement tires for passenger cars, vans, trucks, and buses sold in the United States in violation of federal antitrust laws.  Each action alleges lockstep price increases combined with factors that corroborate

---

[6] *See also, e.g.*, *In re GSE Bonds Antitrust Litigation*, 1:19-CV-01704 (S.D.N.Y.), Dkt. 86 (consolidating antitrust actions)*; In re: European Government Bonds Antitrust Litig.*, 1:19-CV-02601, Dkt. 32 (same); *In re: ICE Libor Antitrust Litig.*, 1:19-CV-00439, Dkt. 44 (same); *In re Novartis and Par Antitrust Litig.*, 1:1-8CV-04361. Dkt. 59 (same); *In re Mexican Government Bonds Antitrust Litig.*, 1:18-CV-02830, Dkt. 49 (same).

Defendants' horizonal price-fixing agreement, including the European Commission's January 30, 2024 announcement of dawn raids of Defendants' offices in Europe on suspicion of price-fixing. Each of the actions seeks compensatory damages and injunctive relief on behalf of direct purchasers of tires in the United States from January 1, 2020, until Defendants' anticompetitive conduct ceased.  *See* Sampayan Compl. ¶¶ 1-4, 11-26, 44-101; Islami Compl. ¶¶ 44-101; 1-7, 16-28, 35-111; Alford Compl. ¶¶ 1-8, 17-32, 53-129; Edwards Compl. ¶¶ 1-9, 11-26, 34-103; Torres Compl. ¶¶ 1-8, 15-30, 38-104; Davidov Compl. ¶¶ 1-4, 12-27, 45-107; Curran Comp. ¶¶ 1-5, 23-40, 64-184.  Considering these key common questions of law and fact, any differences in defendants or classes between these actions do not preclude consolidation.  *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (so long as "the cases present sufficiently common questions of fact" differences in claims, defendants, or class periods "do not outweigh the interests of judicial economy").

Consolidation is appropriate regardless of the pendency or outcome of the JPML's decision on Plaintiff Sampayan's section 1407 motion.  *See Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 WL 3093965, at *3 (S.D.N.Y. June 21, 2018) (a motion to centralize actions before the JPML does not suspend proceedings in other courts), *objections overruled*, 2018 WL 6803377 (S.D.N.Y. Aug. 27, 2018); *see also In re Asbestos Prod. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (order conditionally transferring case does not "limit the pretrial jurisdiction" of the district court where the action was filed).  If the JPML centralizes the cases in this Court or District, those incoming cases will be readily incorporated into the already-consolidated action before this Court.  And if the JPML centralizes the cases in another district, consolidation in the meantime will still allow this Court to streamline early case management activities (such as service filings, determining deadlines to respond, *pro hac vice* motions, notices

of appearance, and Rule 7.1 Statements), and to facilitate transfer through a single consolidated action. And after pre-trial proceedings are completed in the MDL court, this Court will have the benefit of a single consolidated remand-ready matter amenable to transfer back for trial. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) (outlining limits of MDL transferee court's authority); *Williams v. Delta Air Lines, Inc.*, No. 6:09-CV-1056-GJK, 2009 WL 2256018, at *2 (M.D. Fla. July 28, 2009) (section 1407 contemplates transfer back to original districts once pre-trial matters are completed).

Lastly, consolidation will not cause any delay, confusion, or prejudice since all the related actions are at the same early stage and have been assigned to this Court. No party—including those Defendants who have appeared thus far—have objected to consolidation, "which weighs heavily against the potential for prejudice." *Kaplan*, 240 F.R.D. at 91. The Court should therefore consolidate the Related Direct Purchaser Actions under Rule 42(a).

## II. THE RELATED INDIRECT PURCHASER ACTIONS SHOULD ALSO BE CONSOLIDATED.

As with the Related Direct Purchaser Actions, the Related Indirect Purchaser Actions involve common Defendants and share common questions of fact relating to the alleged price fixing conspiracy of new replacement tires. *E.g.*, Purcell Compl. ¶¶ 1-4; Wilkerson Farms Compl., ¶¶ 1-7; Novak Compl. ¶¶ 1-4; Spadafino Compl. ¶¶ 1-4; Ammons Compl. ¶¶ 1-4. Each seeks injunctive relief under section 1 of the Sherman Act and damages and injunctive relief for violations of state antitrust and consumer protection statutes. *See* Purcell Compl. ¶¶ 109-139; Wilkerson Farms Compl., ¶¶ 91-148; Novak Compl. ¶¶ 107-20; Spadafino Compl. ¶¶ 104-17; Ammons Compl ¶¶ 112-37. Because these actions share common questions of fact and law under Rule 42(a), separate consolidation of the Related Indirect Purchaser Actions would also promote the interests of judicial economy.

6

III.    **THE RELATED DIRECT AND INDIRECT PURCHASER ACTIONS SHOULD BE COORDINATED AND THE COURT SHOULD ESTABLISH A MASTER DOCKET.**

In addition to consolidation, Plaintiffs also request that the Court order that the direct and indirect purchaser actions be coordinated under a single master docket.  *See* Manual for Complex Litigation (Fourth) § 10.123 (May 2023) ("All pending or related cases or cases that may later be filed in the same court, whether or not in the same division, should be assigned at least initially to the same judge.  Pretrial proceedings in these cases should be coordinated or consolidated under Federal Rule of Civil Procedure 42(a) . . . .").

Courts regularly order coordination between direct and indirect purchaser actions in antitrust litigation.  *See, e.g., In re Actos Antitrust Litig.*, No. 1:13-CV-09244 RAS DA, 2020 WL 8996696, at *1 (S.D.N.Y. Mar. 9, 2020) (referencing "the two related, coordinated actions," one on behalf of end-payors and one on behalf of direct purchasers).  Other courts presiding over antitrust matters involving different plaintiff groups have adopted similar consolidation and coordination procedures to the ones Plaintiffs propose.  For instance, in *In re Bystolic Antitrust Litigation* the court issued an order stating: "The Direct Purchaser Actions and the End-Payor Actions shall be coordinated with one another under one docket to promote efficiency in managing and litigating the cases, and the Direct Purchaser Actions and the End-Payor Actions shall be coordinated for purposes of discovery and pretrial proceedings to the extent practicable." Case No. 1:20-cv-08756-LJL (S.D.N.Y.), Dkt. 24 at 5; *see also, e.g., In re Novartis and Par Antitrust Litig.,* No. 1:18-cv-4361 (S.D.N.Y.), Dkt. 59 at 6; *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 1:14-md-02542 (S.D.N.Y.), Dkt. 33 at 5; *In re Generic Pharm. Pricing Antitrust Litig.*, No. 16-md-2724 (E.D. Pa.); *In re Lidoderm Antitrust Litig.*, No. 14–md–02521 (N.D. Cal.); *In re Aggrenox Antitrust Litig.*, No. 14-md-2516 (D. Conn.); *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12- md-2409 (D. Mass.); *In re Lipitor Antitrust Litig.*, No.

7

12-cv-02389 (D.N.J.).  The Court should similarly order that the direct and indirect purchaser actions be coordinated as it would allow them to proceed under the same schedule and avoid duplication where possible, thus ensuring that the cases advance in an efficient and administratively convenient manner as to areas of common proof and procedure, while also accounting for the differences between the two class plaintiff groups and the claims they assert.

In addition, when consolidating actions, courts in this district frequently order the creation of a single master docket, usually in the first filed case.  *See, e.g.*, *Schoers v. Pfizer, Inc.*, No. 00 CIV. 6121 (DAB), 2001 WL 64742, at *3 (S.D.N.Y. Jan. 24, 2001) ("A Master Docket and a Master File hereby are established for the above-consolidated proceedings and for all other related cases filed in or transferred to this Court."); *Hartel v. SelectQuote, Inc.*, No. 21 CIV. 6903 (AKH), 2022 WL 4057445, at *3 (S.D.N.Y. Sept. 2, 2022).  Creation of a master docket in this litigation will allow for a single schedule and coordinated early case proceedings and deadlines, which will help streamline the proceedings prior to a decision from the JPML. Moreover, since Plaintiff Sampayan's Motion was only filed on February 28, it has not been set for hearing before the JPML's next session on March 28, 2024 and thus it will likely be some time before the Panel decides whether to centralize these antitrust cases in a single district.[7]  In the meantime, this Court is likely to be presented with overlapping and duplicative case management and administrative matters, such as requests to extend case deadlines or waivers of service.  And in the event the JPML decides to transfer all related actions to this District, a single docket will allow seamless integration of those cases and make it easier for the Court and the parties to deal with the inevitable overlapping issues concerning discovery and motion practice

---

[7] *See*
https://www.jpml.uscourts.gov/sites/jpml/files/Hearing%20Session%20Filed_March%202024.pdf (last visited March 12, 2024).

in the Related Direct Purchaser Actions and Related Indirect Purchaser Actions. Thus,

regardless of the JPML's decision, this litigation will benefit from filings that are centralized

under a single docket.

## CONCLUSION

For the reasons set forth above, the Direct Purchaser Plaintiffs and the Indirect Purchaser

Plaintiffs respectfully request that the Court grant their Motion and enter the Proposed Order re

Consolidation and Coordination.


Dated: March 13, 2024                    Respectfully submitted,

                                         */s/ Dena C. Sharp*
                                         Dena C. Sharp (*Pro Hac Vice*)
                                         Adam E. Polk (*Pro Hac Vice*)
                                         Kyle P. Quackenbush (*Pro Hac Vice*)
                                         **GIRARD SHARP LLP**
                                         601 California Street, Suite 1400
                                         San Francisco, CA 94108
                                         Telephone: (415) 981-4800
                                         Facsimile: (415) 981-4846
                                         dsharp@girardsharp.com
                                         apolk@girardsharp.com
                                         kquackenbush@girardsharp.com

                                         Greg Linkh (GL 0477)
                                         Lee Albert*
                                         Brian Brooks (BB 7442)
                                         **GLANCY PRONGAY & MURRAY LLP**
                                         230 Park Avenue, Suite 358
                                         New York, NY 10169
                                         Telephone: (212) 682-5340
                                         Facsimile: (212) 884-0988
                                         glinkh@glancylaw.com
                                         lalbert@glancylaw.com
                                         bbrooks@glancylaw.com

                                         *Attorneys for Plaintiff Sampayan*
                                         *and the proposed Direct Purchaser Plaintiff Class*

                                         Kellie Lerner (KL 0927)
                                         Meegan Hollywood (MH 4507)
                                         Ellen Jalkut (EJ 2800)
                                         Laura Song
                                         **ROBINS KAPLAN LLP**

1325 Avenue of the Americas, Suite 2601
New York, NY 10019
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
klerner@robinskaplan.com
mhollywood@robinskaplan.com
ejalkut@robinskaplan.com
lsong@robinskaplan.com

Shpetim Ademi
**ADEMI LLP**
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Telephone: (414) 482-8000
sademi@ademilaw.com

*Attorneys for Plaintiff Islami and the proposed*
*Direct Purchaser Plaintiff Class*

Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-9500
mreese@reesellp.com

Heidi M. Silton*
Jessica N. Servais*
Joseph C. Bourne*
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com

Shpetim Ademi
**Ademi LLP**
3620 East Layton Avenue
Cudahy, WI 53110
Tel: (414) 482-8000
Fax: (414) 482-8001
sademi@admilaw.com

*Attorneys for Plaintiff Alford and the proposed*
*Direct Purchaser Plaintiff Class*

10

Michelle C. Clerkin
Jason C. Spiro
David B. Harrison
Shomik Ghosh
**SPIRO HARRISON & NELSON**
40 Exchange Place, Suite 1404
New York, NY 10005
Telephone: (646) 880-8850
Facsimile: (973) 232-0887
mclerkin@shnlegal.com
jspiro@shnlegal.com
dharrison@shnlegal.com
sghosh@shnlegal.com

Rachel Dapeer
**DAPEER LAW, P.A.**
20900 NE 30th Avenue, #417
Aventura, FL 33180
Telephone: (954) 799-5914
rachel@dapeer.com

*Attorneys for Plaintiff Edwards and the proposed
Direct Purchaser Plaintiff Class*

Adam J. Pessin (NY Attorney ID # 4320248)
Roberta D. Liebenberg*
Jeffrey S. Istvan*
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
(215) 567-6565
rliebenberg@finekaplan.com
jistvan@finekaplan.com
apessin@finekaplan.com

Jeffrey B. Gittleman*
Meghan J. Talbot*
Zachary A. Pogust (NY Attorney ID # 5676259)
**POGUST GOODHEAD, LLC**
161 Washington Street, Suite 250
Conshohocken, PA 19428
(610) 941-4204
jgittleman@pogustgoodhead.com
mtalbot@pogustgoodhead.com
zpogust@pogustgoodhead.com

11

*Attorneys for Plaintiff Torres and the proposed*
*Direct Purchaser Plaintiff Class*

John Radice (JR9033)
April D. Lambert*
**RADICE LAW FIRM, P.C.**
475 Wall Street
Princeton, New Jersey 08540
Telephone: (646) 245-8502
Facsimile: (609) 385-0745
jradice@radicelawfirm.com
alambert@radicelawfirm.com

*Attorneys for Plaintiffs Davidov and the proposed*
*Direct Purchaser Plaintiff Class*

Laurie Rubinow
**MILLER SHAH LLP**
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
lrubinow@millershah.com

Anna K. D'Agostino
**MILLER SHAH LLP**
225 Broadway, Suite 1830
New York, NY 10007
Telephone: 866-540-5505
Facsimile: 866-300-7367
akdagostino@millershah.com

Daniel L. Warshaw*
Bobby Pouya*
Michael H. Pearson*
Eric J. Mont*
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pwfirm.com
bpouya@pwfirm.com
mpearson@pwfirm.com
emont@pwfirm.com

12

Jill Manning*
**PEARSON WARSHAW, LLP**
555 Montgomery Street, Suite 1205
San Francisco, CA 94111
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
jmanning@pwfirm.com

*Attorneys for Plaintiffs Curran and the proposed
Direct Purchaser Plaintiff Class*

Thomas H. Burt
**WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212)-545-4669
Facsimile: (212)-545-4653
burt@whafh.com

Carl V. Malmstrom*
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Attorneys for Plaintiffs Purcell, Cuddy, Twitchell,
Novak, Ammons, Derrick, Dickerson, Holt,
Merkel, Seda, and the proposed Indirect
Purchaser Plaintiff Class*

Michael J. Flannery*
**CUNEO GILBERT & LADUCA, LLP**
Two CityPlace Drive
St. Louis, MO  63141
Phone (work): (314) 226-1015 (direct)
Phone (cell): (314) 330-2771
mflannery@cuneolaw.com

Christian Hudson
**CUNEO GILBERT & LADUCA, LLP**
300 Cadman Plaza West
Twelfth Floor, Suite 12064
Brooklyn Heights, NY 11201

Phone: (929) 258-7815
christian@cuneolaw.com

*Attorneys for Plaintiff Wilkerson Farms ET, LLC
and the proposed Indirect Purchaser Plaintiff
Class*

Gregory S. Asciolla
Robin A. van der Meulen
Jonathan S. Crevier
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
gasciolla@dicellolevitt.com
rvandermeulen@dicellolevitt.com
jcrevier@dicellolevitt.com

*Attorneys for Plaintiff Spadafino and the proposed
Indirect Purchaser Plaintiff Class*

*(\*pro hac vice forthcoming)*

14

## CERTIFICATE OF SERVICE

I, Gregory B. Linkh, hereby certify that on March 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered users.

*/s/ Gregory B. Linkh*